UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SHARI WAGE ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-01388 |
| ) | |
| v. ) | |
| ) | |
| PRECISION PLANTING, INC., ) | |
| ) | |
| -and- ) | Jury Trial Demanded |
| ) | |
| AEROTEK, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Shari Wage ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Precision Planting, Inc. ("PPI") and AeroTek, Inc. ("Aero" and collectively "Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendants' discrimination on the basis of Plaintiff's disability, Defendants' failure to accommodate Plaintiff's disability, and Defendants' retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Central District of Illinois, Peoria

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendants as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

5. During the applicable limitations period, Defendant PPI. has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

6. During the applicable limitations period, Defendant Aero. has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

7. At all relevant times, Defendants have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer, which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## ADMINISTRATIVE PREREQUISITES

8. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

9. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A" and "C").

10. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B" and "D"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

11. At all times material to the allegations of this Complaint, Plaintiff, Shari Wage, resides in Tazewell County in the State of Illinois.

12. At all times material to the allegations in this Complaint, Defendant, Precision Planting, Inc. is a corporation doing business in and for Tazewell County whose address is 440 Erie Avenue, Morton, IL 61550.

13. At all times material to the allegations in this Complaint, Defendant, AeroTek, Inc. is a corporation doing business in and for Tazewell County whose address is 440 Erie Avenue, Morton, IL 61550.

14. Plaintiff contends that both Defendants controlled his terms and conditions of employment.

## BACKGROUND FACTS

15. Plaintiff began working for PPI as a Production Agent, through Aero, on or about December 29, 2022.

16. As a Production Agent, Plaintiff was responsible for supporting the manufacturing process by operating equipment and following assembly instructions to build products.

17. Plaintiff suffers from a physical impairment, specifically anemia, which often causes severe dizziness and lightheadedness, and therefore substantially limits her major life activities.

18. Despite this disability, Plaintiff was qualified and able to perform the essential functions of her job, with or without reasonable accommodation.

19. Plaintiff is "qualified individual" as defined under the ADA.

20. On or about December 29, 2022, Plaintiff received a note from her physician

indicating that she had a diagnosis of anemia and needed to be allowed to sit on a stool as needed.

21. On or about January 3, 2023, Plaintiff arrived at the scheduled hour for her first day of work.

22. Plaintiff dutifully informed her supervisor, Andrew Masters, of her disability.

23. Plaintiff then engaged in protected activity and informed Mr. Masters of her need for reasonable accommodations in the form of sitting when necessary.

24. She informed Mr. Masters that if she was not allowed to sit, there would be a risk of her passing out while working.

25. This request for reasonable accommodations would not have been an undue burden on Defendants, as Plaintiff could have completed her production job duties while seated.

26. Instead of granting Plaintiff her reasonable accommodation, Mr. Masters callously stated, "If I knew you needed an accommodation, I would have never hired you."

27. Plaintiff put both Defendants on notice of her disability.

28. Subsequently, Mr. Masters terminated Plaintiff.

29. Defendants did not even bother giving a pre-textual reason for her termination.

30. Despite Plaintiff's request for reasonable accommodation, Defendants took no action.

31. Defendants failed to accommodate Plaintiff's disability, and failed to engage in an interactive process to determine what accommodation(s) would be appropriate.

32. Plaintiff was unlawfully terminated on the basis of her disability and in retaliation for requesting reasonable accommodations.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

33. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

34. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

35. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendants.

36. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

37. Defendants terminated Plaintiff's employment on the basis of Plaintiff's disability.

38. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

39. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

40. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

41. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

42. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

44. Plaintiff is a qualified individual with a disability.

45. Defendants were aware of the disability and the need for accommodations, as Plaintiff notified her supervisor, Andrew Masters, on her very first day of employment.

46. Defendants failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

47. Plaintiff's reasonable accommodations requested were not an undue burden on the Defendants.

48. Defendants did not accommodate Plaintiff's disability.

49. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

50. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

52. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

53. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

54. During Plaintiff's employment with Defendants, Plaintiff reasonably requested accommodations for her disability.

55. Defendants wrongfully denied this request for reasonable accommodations.

56. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

57. In response to Plaintiff's request, Defendants failed to accommodate Plaintiff's reasonable request for accommodations.

58. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

59. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, termination on or about January 3, 2023.

60. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendants as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 12th day of October, 2023.

    /s/ *Alexander Taylor, Esq.*
    **ALEXANDER TAYLOR, ESQ.**
    IL Bar No.: 6327679
    **SULAIMAN LAW GROUP LTD.**
    2500 S. Highland Avenue, Suite 200
    Lombard, Illinois 60148
    Phone (331) 272-1942
    Fax (630) 575 - 8188
    ataylor@sulaimanlaw.com
    *Attorney for Plaintiff*